UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF SOUTH CAROLINA

| IN RE: | C/A No. 07-00375-JW |
|---|---|
| Chris Kelley and Iranette Kelley, | Chapter 13 |
| Debtor(s). | ORDER |

This matter comes before the Court on Motion of Heritage Trust Federal Credit Union ("Heritage") to Quash or Modify Debtors' Subpoena and on Motion of Debtors to Compel Heritage to Comply with the Subpoena. Pursuant to Fed. R. Civ. P. 52, made applicable to this proceeding by Fed. R. Bankr. P. 7052, the Court makes the following Findings of Fact and Conclusions of Law:[1]

## FINDINGS OF FACT

1. On January 25, 2007, Chris Kelley and Iranette Kelley ("Debtors") filed a voluntary petition for relief under chapter 13 of the Bankruptcy Code.

2. Debtors allege, through their motion to compel, that prior to the petition date Heritage improperly setoff $15,929.78 in Debtors' social security benefits to satisfy an outstanding credit card debt owed by Debtors to Heritage. Debtors' Schedule B reveals a claim against Heritage in the amount of $15,929.78.

3. On March 1, 2007, Debtors, through their attorney, issued a subpoena to Heritage to obtain documents relating to a potential claim that Debtors may have against Heritage regarding the alleged improper setoff of Debtors' social security benefits. Debtors' subpoena also appears to seek information relating to other depositors of Heritage that receive social security benefits.

---

[1] To the extent that any of the following Findings of Fact constitute Conclusions of Law, they are adopted as such, and to the extent that any Conclusions of Law constitute Findings of Fact, they are so adopted.

4. Heritage alleges that the subpoena should be quashed because it was issued without Debtors first obtaining an order from this Court permitting Debtors to examine Heritage. Heritage also contends that the subpoena, if valid, should be modified because it exceeds the scope of permissible discovery allowed by Fed. R. Bankr. P. 2004 in that it seeks to not only discover matters related to property of Debtors but potentially seeks to discover matters related to a contemplated class action against Heritage.

5. Debtors contend that the subpoena is proper because Fed. R. Bankr. P. 2004(c) permits Debtors' counsel to issue and sign a subpoena compelling the production of documents and that the information sought by the subpoena is otherwise within the scope of Fed. R. Bankr. P. 2004(b).

## CONCLUSIONS OF LAW

Though Fed. R. Bankr. P. 2004(c) allows Debtors' counsel to issue and sign the subpoena, this power is limited to instances where the Court has ordered the examination of an entity. Though the Court and the parties have not identified any case law on the issue, the plain language of Fed. R. Bankr. P. 2004(c) specifically contemplates that a subpoena compelling the production of documents may only be issued in conjunction with an examination of an entity allowed by Fed. R. Bankr. P. 2004(a). See Fed. R. Bankr. P. 2004(c) (stating that an attorney may issue the subpoena on behalf of the court for the district in which the examination is to be held). In this case, no motion for examination was made or granted prior to the issuance of the subpoena; thus the Court must grant Heritage's motion to quash because the subpoena is invalid because there is no underlying examination of Heritage that has been allowed by order of the Court. See Traina v. Blanchard, 1998 WL 178762 (E.D. La. Apr. 15, 1998) (quashing a subpoena in an adversary proceeding removed from the bankruptcy court because the subpoena

was issued without leave of the court when such leave should have been obtained under Fed. R. Civ. P. 30)). To hold otherwise, would permit parties to engage in potentially unfettered and unsupervised pre-action discovery, a practice not authorized by the Federal Rules. See Fed. R. Civ. P. 27(a)(3) (allowing, prior to the commencement of a civil action, for the production of documents only in conjunction with a deposition, which may only be had by obtaining leave of the court).

Though quashing the subpoena moots the remainder of Heritage's motion, it appears that Debtors could obtain Heritage's policy manuals and other non-privileged documents indicating that Heritage violated its own policy or applicable law regarding the setoff exercised by Heritage of Debtors' account. See In re Bingaman, C/A No. 05-13834-JW, slip op. (Bankr. D.S.C. Feb 2, 2006) (noting the broad scope of Rule 2004). To the extent Debtors would seek information regarding other depositors of Heritage and other matters not related to Debtors' assets and liabilities, such an inquiry would appear to be outside of the bounds of permissible inquiry under Fed. R. Civ. P. 2004(b).

Therefore, Heritage's motion to quash is granted and Debtors' cross motion to compel compliance with the subpoena is denied.

**AND IT IS SO ORDERED.**

UNITED STATES BANKRUPTCY JUDGE

Columbia, South Carolina
May __1__, 2007